# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

IN RE:

CASE NO.: 18-30946-KKS
CHAPTER 7

Juan Carlos Alboniga,

    **Debtor.**

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND FOR HEARING**

    **Pursuant to Local Rule 2002-2, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service plus an additional three days for service if any party was served by U.S. Mail, or such other period as may be specified in Fed. R. Bankr. P. 9006(f).**

    **If you object to the relief requested in this paper, you must file an objection or response electronically with the Clerk of the Court or by mail at 110 E. Park Avenue, Suite 100, Tallahassee, FL, 32301 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487 and any other appropriate person within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.**

    **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

    Secured Creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Juan Carlos Alboniga, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on October 18, 2018.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. **§** 1334, 11 U.S.C. **§** 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

4. On September 14, 2012, Debtor(s) executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $198,075.00 to Primary Residential Mortgage, Inc. The Mortgage was recorded on September 20, 2012 in Book 6909 at Page 1760 of the Public Records of Escambia County, Florida. The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

5. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements in support of right to see a lift of the automatic stay and foreclose if necessary.

6. The mortgage provides Secured Creditor a lien on the real property located at 9759

Harlington Street, Cantonment, Florida 32533, in Escambia County, and legally described as stated in the mortgage attached in Composite Exhibit "A."

7. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since April 1, 2018. See Secured Creditor's statement in regard to indebtedness and default, attached hereto and incorporated herein as Exhibit "B."  A copy of the loan's payment history is attached hereto as Exhibit "C."

8. The appraised value of the property is $194,281.00.  See Exhibit "D" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8). The subject property is also encumbered by additional liens in the amount of $129,043.00.

9. Based upon the Debtor(s)' schedules, the property is surrendered and claimed as non-exempt.  The Trustee has not abandoned the property.

10. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.  Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

11. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

12. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.  The

value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

13. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

14. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage.  Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

15. A Proposed Order accompanies this Motion.  See Exhibit "E" attached hereto.

*Space below intentionally left blank*

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: December 3, 2018

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Authorized Agent for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909

By:  /s/ Shreena Augustin
    Shreena Augustin, Esquire
    Email: saugustin@rasflaw.com
    FL Bar Number: 0117598

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 3, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Juan Carlos Alboniga
9759 Harlington St.
Cantonment, FL 32533

Martin S. Lewis
Lewis & Jurnovoy, P.A.
1100 North Palafox St.
Pensacola, FL 32501

Sherry Chancellor
Law Office of Sherry F. Chancellor
619 West Chase St.
Pensacola, FL 32502

United States Trustee
110 E. Park Avenue
Suite 128
Tallahassee, FL 32301

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Authorized Agent for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909

By: _/s/ Shreena Augustin_____
    Shreena Augustin, Esquire
    Email: saugustin@rasflaw.com
    FL Bar Number: 0117598

18-30946-KKS
18-191289
MFR

# COMPOSITE EXHIBIT "A"

# NOTE

SEPTEMBER 14, 2012        PENSACOLA        FLORIDA
[Date]        [City]        [State]

9759 HARLINGTON STREET, CANTONMENT, FL 32533
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **PRIMARY RESIDENTIAL MORTGAGE, INC.** and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **ONE HUNDRED NINETY-EIGHT THOUSAND SEVENTY-FIVE AND 00/100** Dollars (U.S. **$198,075.00**), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **THREE AND SEVEN-EIGHTHS** percent (**3.875%**) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **NOVEMBER 1, 2012**. Any principal and interest remaining on the first day of **OCTOBER, 2042**, will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at **4750 WEST WILEY POST WAY, SALT LAKE CITY, UT 84116** or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. **$931.42**. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box.]

---



☐ Graduated Payment Allonge    ☐ Growing Equity Allonge    ☐ Other [Specify] _____

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of 15 calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent (4.000%) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

## 10. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

9/14/12

- BORROWER -   JUAN  CARLOS  ALBONIGA   - DATE -

*[Sign Original Only]*

Pay to the order of;

Without recourse

Primary Residential Mortgage, Inc.

JESSICA CORDOVA
DIRECTOR OF OPERATIONS

Rec 78.00
Doc £93.35
Int. 396.15



GNMA—

Ernie Lee Magaha
**CLERK OF THE CIRCUIT COURT**
**ESCAMBIA COUNTY FLORIDA**
INST# ████████ 09/20/2012 at 03:32 PM
OFF REC BK:  6909  PG:  1760 - 1768 Doc Type:  MTG
RECORDING: $78.00 MTG Stamps $693.35 Int. Tax $396.15

After Recording Return To:
**PRIMARY RESIDENTIAL MORTGAGE,**
**INC.**
**4750 WEST WILEY POST WAY STE.**
**200**
**SALT LAKE CITY, UT 84116**

This document prepared by:
**CHRISTIE FLOYD**
**PRIMARY RESIDENTIAL MORTGAGE,**
**INC.**
**4750 WEST WILEY POST WAY**
**SALT LAKE CITY, UTAH 84116**
**800-255-2792**

[Space Above This Line For Recording Data]

# MORTGAGE

ALBONIGA
Loan #: ████████
MIN: ████████
PIN: ████████
Case #: ████████

\* HUSBAND & WIFE

THIS MORTGAGE ("Security Instrument") is given on **SEPTEMBER 14, 2012**. The mortgagor is **JUAN CARLOS ALBONIGA AND SELENA E. ALBONIGA, AS JOINT TENANTS** ("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of PO Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **PRIMARY RESIDENTIAL MORTGAGE, INC.** ("Lender") is organized and existing under the laws of **NEVADA**, and has an address of **4750 WEST WILEY POST WAY, SALT LAKE CITY, UT 84116**. Borrower owes Lender the principal sum of **ONE HUNDRED NINETY-EIGHT THOUSAND SEVENTY-FIVE AND 00/100** Dollars (U.S. $198,075.00). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **OCTOBER 1, 2042**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in **ESCAMBIA** County, Florida:
**LEGAL DESCRIPTION/ EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**
which has the address of **9759 HARLINGTON STREET, CANTONMENT**, Florida **32533** ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all

⊜ 370.7



Page 1 of 8

FHA Florida Mortgage - 03/09



easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under Paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under Paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by

the Secretary instead of the monthly mortgage insurance premium;

<u>Second</u>, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

<u>Third</u>, to interest due under the Note;

<u>Fourth</u>, to amortization of the principal of the Note; and

<u>Fifth</u>, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either(a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in Paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in Paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provision of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any

370.7                              Page 3 of 8                    FHA Florida Mortgage - 03/09

delinquent amounts applied in the order provided in Paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in Paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property**. Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees**. Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

    **(a) Default**. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

        (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

        (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

    **(b) Sale Without Credit Approval**. Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

        (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent) and

        (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

    **(c) No Waiver**. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

    **(d) Regulations of HUD Secretary**. In many circumstances regulations issued by the Secretary

370.7                Page 4 of 8                FHA Florida Mortgage - 03/09

will limit Lender's rights in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note are not to be eligible for insurance under the National Housing Act within **60 days** from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to **60 days** from the date hereof, declining to insure this Security Instrument and the Note shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of Paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions

of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16 "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

Upon default as provided in Paragraph 9(a), and upon written demand by Lender to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure:** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by

requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordations costs.

**20. Attorneys' Fees.** As used in this Security Instrument and the Note, "attorneys' fees" shall include any attorneys' fees awarded by an appellate court.

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

The Following Rider(s) are to be executed by Borrower and are attached hereto and made a part thereof [check box as applicable]:

☐ Condominium Rider          ☐ Growing Equity Rider       ☐ Adjustable Rate Rider
☐ Planned Unit Development Rider    ☐ Graduated Payment Rider
☐ Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____   9/14/12
- BORROWER - JUAN CARLOS ALBONIGA - DATE -

_____   9/14/12
SELENA E ALBONIGA - DATE -

Borrower's Mailing Address: 9759 HARLINGTON STREET, CANTONMENT, FL 32533

Signed, sealed, and delivered in the presence of:

_____        _____
WITNESS  Holly V. Turnbury              WITNESS  Nancy M. Lowe

STATE OF FLORIDA

COUNTY OF ESCAMBIA

The foregoing instrument was acknowledged before me this <u>14th</u> day of <u>SEPTEMBER, 2012</u>, by

JUAN CARLOS ALBONIGA AND SELENA E ALBONIGA, HUSBAND AND WIFE

Who is personally known to me or has produced <u>dave's licens</u>  as identification.

Notary Public

Holly V. Jurnovoy

HOLLY V. JURNOVOY
Notary Public, State of Florida
My Comm. Expires May 25, 2015
Commission No. EE 71271

My Commission Expires:
Serial #:

PREPARED BY AND RETURN TO:
JOHN W. MONROE, JR. OF
EMMANUEL, SHEPPARD & CONDON
30 SOUTH SPRING STREET
PENSACOLA, FLORIDA 32502
FILE #████████ NML

370.7                    Page 8 of 8            FHA Florida Mortgage - 03/09

# Exhibit "A"

Lot 9, Block A, BRISTOL CREEK PHASE III, being a portion of Section 3, Township 1 South, Range 31 West, Escambia County, Florida, according to Plat recorded in Plat Book 18, Page 38, of the Public Records of said County.

Recorded in Public Records 8/8/2018 8:22 AM OR Book 7945 Page 596,
Instrument #2018061963, Pam Childers Clerk of the Circuit Court Escambia
County, FL Recording $10.00

Recording Requested By:
NATIONSTAR MORTGAGE DBA MR. COOPER

When Recorded Return To:

DOCUMENT ADMINISTRATION
NATIONSTAR MORTGAGE DBA MR. COOPER
8950 CYPRESS WATERS BLVD
COPPELL, TX  75019

## CORPORATE ASSIGNMENT OF MORTGAGE

Escambia, Florida

Date of Assignment: July 31st, 2018
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR PRIMARY
RESIDENTIAL MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS at P.O. BOX 2026, FLINT, MI  48501-2026
Assignee: NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER at 8950 CYPRESS WATERS BLVD., COPPELL,
TX  75019
Executed By: JUAN CARLOS ALBONIGA AND SELENA E. ALBONIGA, AS JOINT TENANTS HUSBAND AND
WIFE  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR PRIMARY
RESIDENTIAL MORTGAGE INC.
Date of Mortgage:  09/14/2012 Recorded:  09/20/2012  in Book/Reel/Liber: 6909 Page/Folio: 1760 as Instrument
No.: 2012072060  In the County of Escambia, State of Florida.

Property Address: 9759 HARLINGTON STREET, CANTONMENT, FL  32533

     KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $198,075.00 with interest, secured thereby, and the full benefit of all the
powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's interest under the Mortgage.

     TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.

     MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR PRIMARY RESIDENTIAL
MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS
On July 31st, 2018

By:_____
MOHAMED HAMEED, Vice-President

STATE OF Texas
COUNTY OF Dallas

On July 31st, 2018, before me, DANIELA HORVATH, a Notary Public in and for Dallas in the State of Texas,
personally appeared MOHAMED HAMEED, Vice-President, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal,

_____
DANIELA HORVATH
Notary Expires: 01/27/2020

```
DANIELA HORVATH
Notary Public, State of Texas
Comm. Expires 01-27-2020
Notary ID 128862890
```

(This area for notarial seal)

Prepared By: Trenita Frazier,  NATIONSTAR MORTGAGE DBA MR. COOPER 8950 CYPRESS WATERS BLVD, COPPELL, TX
75019 1-888-480-2432

EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

CASE NO.: 18-30946-KKS
**CHAPTER 7**

**Juan Carlos Alboniga,**

    **Debtor.**

_____/

**AFFIDAVIT OF INDEBTEDNESS IN SUPPORT OF**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

    Affiant, _____Christy Wilson_____, being first duly sworn according to the law, deposes and says the following:

    1.  I am employed as a _____Assistant Secretary_____ of Nationstar Mortgage LLC d/b/a Mr. Cooper ("Secured Creditor") and am authorized to sign this affidavit on behalf of Secured Creditor. This affidavit if provided in support of the Motion for Relief from the Automatic Stay ("Motion") filed contemporaneously herewith.

    2.  I base this Affidavit on my personal knowledge, gained through review of Secured Creditor's business records regarding the Note, Mortgage, and other loan documents securing the real property located at 9759 Harlington Street, Cantonment, Florida 32533.

    3.  Secured Creditor is responsible for the collection of this loan transaction and pursuit of any delinquency in payments.

    4.  In the regular course of business, Secured Creditor receives payments on mortgage loan accounts, advances sums of money called for by the loan documents and engages in other transactions concerning the mortgaged property, pursuant to the loan documents. Each such payment, advance and other transaction is recorded in the records of Secured Creditor at or near the time of its occurrence, by or from information transmitted by a person with knowledge of its occurrence. These transactions are regularly conducted business activities and recording their occurrence is a regular practice of said business activities.

    5.  There has been a default under the terms of the subject loan documents in that the regular payment due April 1, 2018, and all subsequent payments, have not been made.

6. Debtor(s) owe principal in the amount $173,471.30, plus interest accruing from March 1, 2018, pre-petition late charges, advances, and other amounts provided for under the terms of the loan documents.

7. I have reviewed the documents attached as exhibits to the Motion and they are true and accurate copies of the original documents as imaged in our system and provided to our attorney.

8. This Affidavit is signed under penalty of perjury as being true and correct based on my personal knowledge of Secured Creditor's business records. I am over 18 years of age and am competent to testify about the facts contained herein.

**FURTHER AFFIANT SAYETH NAUGHT.**

Executed this ___29___ day of November 2018 .

Name: ~~Chastity Wilson~~
Title: ~~Assistant Secretary of~~
~~Nationstar Mortgage LLC~~
d/b/a Mr. Cooper
Affiant

**STATE OF** ___Texas___
**COUNTY OF** ___Denton___

SUBSCRIBED and SWORN to before me on this ___29___ day of ___November___, 20_18_, by ___Chastity Wilson___, (Known to me (□ or satisfactorily proven to me through production of _____ as identification) to be the person(s) who appeared before me.

(SEAL)

(Type or print name below signature)
Notary Public, State of ___Texas___
Commission No.: ___130 673 528___
My Commission Expires: ___5-23-20___



MARY GRACIA
Notary Public, State of Texas
Comm. Expires 05-23-2020
Notary ID 130673528

# EXHIBIT "C"

Processing Options Selected:

```
  1. ███████████████████      Loan Number Range
  2. 000000 - 102918          Date Range
  3. B                        Output Type
  4.                          Select State
  5.                          Escrow Group Code
  6.                          Message Code
  7.                          Investor
  8. 0000000                  Pool
  9. Y                        Select only loans with Transactions
 10. N                        Include liquidated loans
```

--------------------------------------------------------------------------------------------------------------------------
LOAN# ████████       ████████        ████████
      JUAN C. ALBONIGA          TYPE: 01-01 FHA                 ████████    ████████          ESC.BAL          .00
BORR2 ADDL INFORMATION                               INT PD TO  3/01/18   P&I SHORT       .00  CORP ADV     3546.61-
PROP: 9759 HARLINGTON STREET    MAIL: 9759 HARLINGTON ST

      CANTONMENT  FL 32533            CANTONMENT     FL 32533
--------------------------------------------------------------------------------------------------------------------------

| | ---TRANSACTION---- | | NEXT | -AFTER TRANS.BALANCES- | | TOTAL | ----------------APPLIED----------------- | | | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NBR | DATE | CODE -----DESCRIPTION------ | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | |
| 334 | 10/22/18 | 2664 NON CASH FEE ADJ | 4/18 | 173471.30 | .00 | 8.04- | .00 | .00 | .00 | .00 | 8.04-01 |
| | | S/F D   REF# | | | | | | | | | |
| 333 | 10/22/18 | 2664 NON CASH FEE ADJ | 4/18 | 173471.30 | .00 | 37.26- | .00 | .00 | .00 | .00 | 37.26-01 |
| | | S/F D   REF# | | | | | | | | | |
| 332 | 10/22/18 | 2664 NON CASH FEE ADJ | 4/18 | 173471.30 | .00 | 37.26- | .00 | .00 | .00 | .00 | 37.26-01 |
| | | S/F C   REF# | | | | | | | | | |
| 331 | 10/22/18 | 2664 NON CASH FEE ADJ | 4/18 | 173471.30 | .00 | 37.26- | .00 | .00 | .00 | .00 | 37.26-01 |
| | | S/F C   REF# | | | | | | | | | |
| 330 | 10/22/18 | 2664 NON CASH FEE ADJ | 4/18 | 173471.30 | .00 | 37.26- | .00 | .00 | .00 | .00 | 37.26-01 |
| | | S/F C   REF# | | | | | | | | | |
| 329 | 10/19/18 | 2526 CORP ADVANCE ADJUST | 4/18 | 173471.30 | .00 | 17.50 | .00 | .00 | .00 | 17.50 26 | |
| | | S/F BT  REF# 0000 | | | | | | | | | |
| 328 | 10/18/18 | 6226 CORP ADV DISB | 4/18 | 173471.30 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| | | PAYEE 63FIELD #1001624188 DUE 10/18/18 | | | | | | | | | |
| | | S/F BX  REF# 1001624188 | | | | | | | | | |
| 327 | 10/05/18 | 6226 CORP ADV DISB | 4/18 | 173471.30 | .00 | 20.00- | .00 | .00 | .00 | 20.00-26 | |
| | | PAYEE 63INSPQ #1001622679 DUE 10/05/18 | | | | | | | | | |
| | | S/F BX  REF# 1001622679 | | | | | | | | | |
| 326 | 9/27/18 | 6226 CORP ADV DISB | 4/18 | 173471.30 | .00 | 560.00- | .00 | .00 | .00 | 560.00-26 | |
| | | PAYEE 61RAZSC #1001621638 DUE  9/27/18 | | | | | | | | | |
| | | S/F BX  REF# 1001621638 | | | | | | | | | |
| 325 | 9/27/18 | 6226 CORP ADV DISB | 4/18 | 173471.30 | .00 | 195.00- | .00 | .00 | .00 | 195.00-26 | |
| | | PAYEE 61RAZSC #1001621638 DUE  9/27/18 | | | | | | | | | |
| | | S/F BX  REF# 1001621638 | | | | | | | | | |
| 324 | 9/27/18 | 6040 FHAMIP   INS DISBURSED | 4/18 | 173471.30 | .00 | 181.02- | .00 | .00 | 181.02- | .00 | |
| | | PAYEE 40FHAMI #         DUE 11/01/17 | | | | | | | | | |
| | | S/F WR  REF# | | | | | | | | | |
| 323 | 9/27/18 | 1940 FHAMIP   INS ADVANCE | 4/18 | 173471.30 | 181.02 | 181.02 | .00 | .00 | 181.02 | .00 | |
| | | S/F WR  REF# | | | | | | | | | |
| 322 | 9/25/18 | 6226 CORP ADV DISB | 4/18 | 173471.30 | .00 | 20.00- | .00 | .00 | .00 | 20.00-26 | |
| | | PAYEE 63INSPQ #1001621381 DUE  9/25/18 | | | | | | | | | |
| | | S/F BX  REF# 1001621381 | | | | | | | | | |
| 321 | 9/14/18 | 6226 CORP ADV DISB | 4/18 | 173471.30 | .00 | 1400.00- | .00 | .00 | .00 | 1400.00-26 | |
| | | PAYEE 61RAZSC #1001619922 DUE  9/14/18 | | | | | | | | | |
| | | S/F BX  REF# 1001619922 | | | | | | | | | |
| 320 | 9/14/18 | 6226 CORP ADV DISB | 4/18 | 173471.30 | .00 | 949.11- | .00 | .00 | .00 | 949.11-26 | |
| | | PAYEE 61RAZSC #1001619922 DUE  9/14/18 | | | | | | | | | |
| | | S/F BX  REF# 1001619922 | | | | | | | | | |
| 319 | 9/14/18 | 6226 CORP ADV DISB | 4/18 | 173471.30 | .00 | 30.00- | .00 | .00 | .00 | 30.00-26 | |
| | | PAYEE 61RAZSC #1001619922 DUE  9/14/18 | | | | | | | | | |
| | | S/F BX  REF# 1001619922 | | | | | | | | | |
| 318 | 9/14/18 | 6226 CORP ADV DISB | 4/18 | 173471.30 | .00 | 325.00- | .00 | .00 | .00 | 325.00-26 | |
| | | PAYEE 61RAZSC #1001619922 DUE  9/14/18 | | | | | | | | | |
| | | S/F BX  REF# 1001619922 | | | | | | | | | |

| ---TRANSACTION---- | | | | NEXT -AFTER TRANS.BALANCES- | | TOTAL | ----------------APPLIED---------------- | | | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|
| NBR | DATE | CODE | -----DESCRIPTION------ | DUE   PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL INTEREST | ESCROW SUSPENSE/CD | | |

LOAN#  ███████          CONTINUED

| NBR | DATE | CODE | DESCRIPTION | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 317 | 8/30/18 | 6040 FHAMIP | INS DISBURSED | 4/18 | 173471.30 | .00 | 181.02- | .00 | .00 | 181.02- | .00 | |
| | | PAYEE 40FHAMI # | DUE 11/01/17 | | | | | | | | | |
| | | S/F WR  REF# | | | | | | | | | | |
| 316 | 8/30/18 | 1940 FHAMIP | INS ADVANCE | 4/18 | 173471.30 | 181.02 | 181.02 | .00 | .00 | 181.02 | .00 | |
| | | S/F WR  REF# | | | | | | | | | | |
| 315 | 8/15/18 | 6226 CORP ADV DISB | | 4/18 | 173471.30 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |
| | | PAYEE 63INSPQ #1001616352 DUE  8/15/18 | | | | | | | | | | |
| | | S/F BX  REF# 1001616352 | | | | | | | | | | |
| 314 | 7/31/18 | 6040 FHAMIP | INS DISBURSED | 4/18 | 173471.30 | .00 | 181.02- | .00 | .00 | 181.02- | .00 | |
| | | PAYEE 40FHAMI # | DUE 11/01/17 | | | | | | | | | |
| | | S/F WR  REF# | | | | | | | | | | |
| 313 | 7/31/18 | 1940 FHAMIP | INS ADVANCE | 4/18 | 173471.30 | 181.02 | 181.02 | .00 | .00 | 181.02 | .00 | |
| | | S/F WR  REF# | | | | | | | | | | |
| 312 | 6/26/18 | 6040 FHAMIP | INS DISBURSED | 4/18 | 173471.30 | .00 | 181.02- | .00 | .00 | 181.02- | .00 | |
| | | PAYEE 40FHAMI # | DUE 11/01/17 | | | | | | | | | |
| | | S/F WR  REF# | | | | | | | | | | |
| 311 | 6/26/18 | 1940 FHAMIP | INS ADVANCE | 4/18 | 173471.30 | 181.02 | 181.02 | .00 | .00 | 181.02 | .00 | |
| | | S/F WR  REF# | | | | | | | | | | |
| 310 | 6/19/18 | 6050 HAZARD SFR | DISBURSED | 4/18 | 173471.30 | .00 | 902.10- | .00 | .00 | 902.10- | .00 | |
| | | PAYEE 5003117 #06192018IN DUE  7/08/18 | | | | | | | | | | |
| | | S/F WR  REF# 06192018INS | | | | | | | | | | |
| 309 | 6/19/18 | 1950 HAZARD SFR | ADVANCE | 4/18 | 173471.30 | 902.10 | 246.03 | .00 | .00 | 246.03 | .00 | |
| | | S/F WR  REF# 06192018INS | | | | | | | | | | |
| 308 | 6/18/18 | 1499 ZZZZF-Late Charges | | 4/18 | 173471.30 | 656.07 | 37.26 | .00 | .00 | .00 | .00 | 37.26 01 |
| | Effective date:  6/19/18 | | | | | | | | | | | |
| | | S/F     REF# | | | | | | | | | | |
| 307 | 5/31/18 | 6040 FHAMIP | INS DISBURSED | 4/18 | 173471.30 | 656.07 | 181.02- | .00 | .00 | 181.02- | .00 | |
| | | PAYEE 40FHAMI # | DUE 11/01/17 | | | | | | | | | |
| | | S/F WR  REF# | | | | | | | | | | |
| 306 | 5/30/18 | 6226 CORP ADV DISB | | 4/18 | 173471.30 | 837.09 | 20.00- | .00 | .00 | .00 | 20.00-26 | |
| | | PAYEE 63CYPRE #1001607112 DUE  5/30/18 | | | | | | | | | | |
| | | S/F BX  REF# 1001607112 | | | | | | | | | | |
| 305 | 5/16/18 | 1499 ZZZZF-Late Charges | | 4/18 | 173471.30 | 837.09 | 37.26 | .00 | .00 | .00 | .00 | 37.26 01 |
| | Effective date:  5/17/18 | | | | | | | | | | | |
| | | S/F     REF# | | | | | | | | | | |
| 304 | 5/04/18 | 6040 FHAMIP | INS DISBURSED | 4/18 | 173471.30 | 837.09 | 181.02- | .00 | .00 | 181.02- | .00 | |
| | | PAYEE 40FHAMI # | DUE 11/01/17 | | | | | | | | | |
| | | S/F WR  REF# | | | | | | | | | | |
| 303 | 4/16/18 | 1499 ZZZZF-Late Charges | | 4/18 | 173471.30 | 1018.11 | 37.26 | .00 | .00 | .00 | .00 | 37.26 01 |
| | Effective date:  4/17/18 | | | | | | | | | | | |
| | | S/F     REF# | | | | | | | | | | |
| 302 | 4/05/18 | 6040 FHAMIP | INS DISBURSED | 4/18 | 173471.30 | 1018.11 | 181.02- | .00 | .00 | 181.02- | .00 | |
| | | PAYEE 40FHAMI # | DUE 11/01/17 | | | | | | | | | |
| | | S/F WR  REF# | | | | | | | | | | |
| 301 | 3/16/18 | 1401 ZZZZF-Late Charges | | 4/18 | 173471.30 | 1199.13 | 14.61 | .00 | .00 | .00 | .00 | 14.61 01 |
| | | S/F D   REF#          C | | | | | | | | | | |
| 300 | 3/16/18 | 02   PAYMENT | | 4/18 | 173471.30 | 1199.13 | 1385.39 | 370.06 | 561.36 | 453.97 | .00 | |
| | | Int pd to:  3/01/18 | | | | | | | | | | |
| | | S/F LE  REF#          C | | | | | | | | | | |
| 299 | 3/07/18 | 6040 FHAMIP | INS DISBURSED | 3/18 | 173841.36 | 745.16 | 181.02- | .00 | .00 | 181.02- | .00 | |
| | | PAYEE 40FHAMI # | DUE 11/01/17 | | | | | | | | | |

SR497CR-02                     Case 18-30946-KKS   Doc 13   Filed 12/03/18   Page 28 of 49      10/29/18 10:12:27
JBAM1036                          DETAIL TRANSACTION HISTORY                      JOB DT:  10/29/18
                                                                               PAGE:   3

```
---TRANSACTION----                       NEXT -AFTER TRANS.BALANCES-   TOTAL  ----------------APPLIED----------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE  PRINCIPAL    ESCROW   AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN#  ███████████        CONTINUED

                S/F WR  REF#
298  2/16/18 1401 ZZZZF-Late Charges    3/18  173841.36    926.18    14.61       .00      .00      .00      .00    14.61 01
                S/F D   REF#          C
297  2/16/18 02   PAYMENT              3/18  173841.36    926.18  1385.39    368.87   562.55   453.97      .00
                           Int pd to:  2/01/18
                S/F LE  REF#          C
296  2/14/18 0283 PAYMENT              2/18  174210.23    472.21  1340.95    367.68   563.74   409.53      .00
     Effective date:  2/13/18  Int pd to:  1/01/18
                S/F WB  REF#          C
295  2/14/18 2624 FORBEARANCE ADJ      1/18  174577.91     62.68   159.05-      .00      .00      .00   159.05-24
     Effective date:  2/13/18
                S/F WB  REF#          C
294  2/07/18 6040 FHAMIP   INS DISBURSED 1/18  174577.91    62.68   181.02-      .00      .00   181.02-      .00
                PAYEE 40FHAMI #      DUE 11/01/17
                S/F WR  REF#
293  1/24/18 6226 CORP ADV DISB        1/18  174577.91    243.70    15.00-      .00      .00      .00    15.00-26
                PAYEE 63CYPRE #1001588305 DUE  1/24/18
                S/F BX  REF# 1001588305
292  1/24/18 1919 RECOVER ESCROW ADVANCE 1/18  174577.91   243.70   165.83-      .00      .00   165.83-      .00
                S/F LE  REF#
291  1/24/18 1324 PMT-FORBEAR SUSP      1/18  174577.91    409.53   159.05       .00      .00      .00   159.05 24
                S/F LE  REF#
290  1/24/18 0283 PAYMENT              1/18  174577.91    409.53  1340.95    366.50   564.92   409.53      .00
                           Int pd to: 12/01/17
                S/F LE  REF#          C
289  1/16/18 1499 ZZZZF-Late Charges   12/17  174944.41      .00    37.26       .00      .00      .00      .00    37.26 01
     Effective date:  1/17/18
                S/F     REF#
288  1/08/18 6040 FHAMIP   INS DISBURSED 12/17  174944.41     .00   181.02-      .00      .00   181.02-      .00
                PAYEE 40FHAMI #      DUE 11/01/17
                S/F WR  REF#
287  1/08/18 1940 FHAMIP   INS ADVANCE  12/17  174944.41   181.02   165.83       .00      .00   165.83      .00
                S/F WR  REF#
286 12/18/17 1499 ZZZZF-Late Charges   12/17  174944.41    15.19    37.26       .00      .00      .00      .00    37.26 01
     Effective date: 12/19/17
                S/F     REF#
285 12/05/17 6040 FHAMIP   INS DISBURSED 12/17  174944.41    15.19   181.02-      .00      .00   181.02-      .00
                PAYEE 40FHAMI #      DUE 10/01/16
                S/F WR  REF#
284 11/17/17 6031 COUNTY TAX   DISBURSED 12/17  174944.41   196.21  2158.92-      .00      .00  2158.92-      .00
                PAYEE 31FL00G #      DUE 11/30/17
                S/F WR  REF#
283 11/17/17 11   PRINCIPAL PAYMENT    12/17  174944.41  2355.13    21.79     21.79      .00      .00      .00
                S/F LE  REF#          C
282 11/17/17 1401 ZZZZF-Late Charges   12/17  174966.20  2355.13    37.26       .00      .00      .00      .00    37.26 01
                S/F D   REF#          C
281 11/17/17 0283 PAYMENT             12/17  174966.20  2355.13  1340.95    365.25   566.17   409.53      .00
                           Int pd to: 11/01/17
                S/F LE  REF#          C
280 11/16/17 1499 ZZZZF-Late Charges   11/17  175331.45  1945.60    37.26       .00      .00      .00      .00    37.26 01
     Effective date: 11/17/17
```

```
---TRANSACTION----                    NEXT -AFTER TRANS.BALANCES-    TOTAL   ---------------APPLIED---------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL   ESCROW   AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN#  ████████         CONTINUED

             S/F    REF#
279 11/07/17 6040 FHAMIP   INS DISBURSED 11/17 175331.45  1945.60   181.02-      .00      .00  181.02-      .00
             PAYEE 40FHAMI #           DUE 10/01/16
             S/F WR REF#
278 10/17/17 11   PRINCIPAL PAYMENT     11/17 175331.45  2126.62    21.79     21.79      .00      .00      .00
             S/F LE REF#         C
277 10/17/17 1401 ZZZZF-Late Charges    11/17 175353.24  2126.62    37.26       .00      .00      .00      .00   37.26 01
             S/F D  REF#         C
276 10/17/17 0283 PAYMENT               11/17 175353.24  2126.62  1340.95    364.00   567.42   409.53      .00
                          Int pd to: 10/01/17
             S/F LE REF#
275 10/16/17 1499 ZZZZF-Late Charges    10/17 175717.24  1717.09    37.26       .00      .00      .00      .00   37.26 01
      Effective date: 10/17/17
             S/F    REF#
274 10/02/17 6040 FHAMIP   INS DISBURSED 10/17 175717.24  1717.09  185.36-      .00      .00  185.36-      .00
             PAYEE 40FHAMI #           DUE 10/01/16
             S/F WR REF#
273  9/15/17 11   PRINCIPAL PAYMENT     10/17 175717.24  1902.45    59.05     59.05      .00      .00      .00
             S/F LE REF#         C
272  9/15/17 02   PAYMENT               10/17 175776.29  1902.45  1340.95    362.64   568.78   409.53      .00
                          Int pd to:  9/01/17
             S/F LE REF#         C
271  9/08/17 6040 FHAMIP   INS DISBURSED  9/17 176138.93  1492.92  185.36-      .00      .00  185.36-      .00
             PAYEE FHA     #FHA0907C DUE 10/01/16
             S/F WR  REF# FHA0907C
270  8/16/17 11   PRINCIPAL PAYMENT      9/17 176138.93  1678.28   159.05    159.05      .00      .00      .00
             S/F LE REF#         C
269  8/16/17 02   PAYMENT                9/17 176297.98  1678.28  1340.95    360.96   570.46   409.53      .00
                          Int pd to:  8/01/17
             S/F LE REF#         C
268  7/31/17 6040 FHAMIP   INS DISBURSED  8/17 176658.94  1268.75  185.36-      .00      .00  185.36-      .00
             PAYEE FHA      #         DUE 10/01/16
             S/F WR  REF#
267  7/17/17 11   PRINCIPAL PAYMENT      8/17 176658.94  1454.11    59.05     59.05      .00      .00      .00
             S/F LE REF#         C
266  7/17/17 02   PAYMENT                8/17 176717.99  1454.11  1340.95    359.61   571.81   409.53      .00
                          Int pd to:  7/01/17
             S/F LE REF#         C
265  7/07/17 6050 HAZARD SFR   DISBURSED  7/17 177077.60  1044.58  787.57-      .00      .00  787.57-      .00
             PAYEE 5003117 #07072017IN DUE  7/08/17
             S/F WR  REF# 07072017INS
264  7/03/17 6225 MISC SUSP DISB         7/17 177077.60  1832.15  536.76-      .00      .00      .00   536.76-25
             PAYEE ALBONIG #1006299633 DUE  6/30/17
             S/F SC REF# 1006299633
263  6/30/17 6040 FHAMIP   INS DISBURSED  7/17 177077.60  1832.15  185.36-      .00      .00  185.36-      .00
             PAYEE FHA      #         DUE 10/01/16
             S/F WR  REF#
262  6/30/17 1325 PMT-MISC SUSP          7/17 177077.60  2017.51   536.76       .00      .00      .00   536.76 25
             S/F AD REF#
261  6/29/17 6225 MISC SUSP DISB         7/17 177077.60  2017.51  190.76-      .00      .00      .00   190.76-25
             PAYEE ALBONIG #1006292930 DUE  6/28/17
```

```
---TRANSACTION----                    NEXT -AFTER TRANS.BALANCES-    TOTAL  ---------------APPLIED---------------- MISC.PMTS
NBR    DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL   ESCROW  AMOUNT   PRINCIPAL INTEREST   ESCROW SUSPENSE/CD
```

```
                     ████   ████      CONTINUED

                        S/F SC  REF# 1006292930
260  6/28/17 1325 PMT-MISC SUSP       7/17  177077.60  2017.51   190.76      .00      .00      .00  190.76 25
                        S/F AD  REF#
259  6/16/17 11   PRINCIPAL PAYMENT   7/17  177077.60  2017.51    59.05    59.05      .00      .00      .00
                        S/F LE  REF#        C
258  6/16/17 02   PAYMENT             7/17  177136.65  2017.51  1340.95   358.26   573.16   409.53      .00
                             Int pd to:  6/01/17
                        S/F LE  REF#        C
257  6/07/17 6040 FHAMIP   INS DISBURSED 6/17 177494.91 1607.98  185.36-     .00      .00   185.36-     .00
                        PAYEE NATIONS #       DUE 10/01/16
                        S/F WR  REF#
256  5/17/17 11   PRINCIPAL PAYMENT   6/17  177494.91  1793.34    21.79    21.79      .00      .00      .00
                        S/F LE  REF#        C
255  5/17/17 1401 ZZZZF-Late Charges  6/17  177516.70  1793.34    37.26      .00      .00      .00      .00  37.26 01
                        S/F D   REF#        C
254  5/17/17 0283 PAYMENT             6/17  177516.70  1793.34  1340.95   357.04   574.38   409.53      .00
                             Int pd to:  5/01/17
                        S/F LE  REF#        C
253  5/16/17 1499 ZZZZF-Late Charges  5/17  177873.74  1383.81    37.26      .00      .00      .00      .00  37.26 01
         Effective date:  5/17/17
                        S/F     REF#
252  5/01/17 11   PRINCIPAL PAYMENT   5/17  177873.74  1383.81   221.79   221.79      .00      .00      .00
                        S/F LE  REF#        C
251  5/01/17 1401 ZZZZF-Late Charges  5/17  178095.53  1383.81    37.26      .00      .00      .00      .00  37.26 01
                        S/F D   REF#        C
250  5/01/17 0283 PAYMENT             5/17  178095.53  1383.81  1340.95   355.17   576.25   409.53      .00
                             Int pd to:  4/01/17
                        S/F LE  REF#        C
249  4/27/17 6040 FHAMIP   INS DISBURSED 4/17 178450.70  974.28  185.36-     .00      .00   185.36-     .00
                        PAYEE FHA    #        DUE 5/01/17
                        S/F     REF#
248  4/17/17 1499 ZZZZF-Late Charges  4/17  178450.70  1159.64    37.26      .00      .00      .00      .00  37.26 01
         Effective date:  4/18/17
                        S/F     REF#
247  4/03/17 6040 FHAMIP   INS DISBURSED 4/17 178450.70 1159.64  185.36-     .00      .00   185.36-     .00
                        PAYEE FHA    #        DUE 4/01/17
                        S/F     REF#
246  3/17/17 11   PRINCIPAL PAYMENT   4/17  178450.70  1345.00   118.75   118.75      .00      .00      .00
                        S/F LE  REF#        C
245  3/17/17 1401 ZZZZF-Late Charges  4/17  178569.45  1345.00    32.09      .00      .00      .00      .00  32.09 01
                        S/F D   REF#        C
244  3/17/17 1401 ZZZZF-Late Charges  4/17  178569.45  1345.00    37.26      .00      .00      .00      .00  37.26 01
                        S/F D   REF#        C
243  3/17/17 2624 FORBEARANCE ADJ     4/17  178569.45  1345.00   129.05-     .00      .00      .00  129.05-24
                        S/F LE  REF#        C
242  3/17/17 0283 PAYMENT             4/17  178569.45  1345.00  1340.95   353.65   577.77   409.53      .00
                             Int pd to:  3/01/17
                        S/F LE  REF#        C
241  3/16/17 1499 ZZZZF-Late Charges  3/17  178923.10   935.47    32.09      .00      .00      .00      .00  32.09 01
         Effective date:  3/17/17
                        S/F     REF#
```

```
---TRANSACTION----               NEXT -AFTER TRANS.BALANCES-   TOTAL   ---------------APPLIED---------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL   ESCROW   AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN#  ███████        CONTINUED

240  3/02/17 0283 PAYMENT            3/17 178923.10   935.47  1340.95    352.51  578.91   409.53      .00
                        Int pd to: 2/01/17
             S/F LE  REF#       C
239  3/02/17 2624 FORBEARANCE ADJ   2/17 179275.61   525.94   590.95-      .00     .00      .00   590.95-24
             S/F LE  REF#       C
238  3/02/17 6040 FHAMIP   INS DISBURSED 2/17 179275.61   525.94   185.36-      .00     .00   185.36-    .00
             PAYEE FHA     #      DUE  3/01/17
             S/F      REF#
237  2/17/17 1324 PMT-FORBEAR SUSP  2/17 179275.61   711.30   720.00      .00     .00      .00   720.00 24
             S/F LE  REF#       C
236  2/16/17 1499 ZZZZF-Late Charges 2/17 179275.61   711.30    37.26      .00     .00      .00      .00      37.26 01
        Effective date:  2/17/17
             S/F      REF#
235  2/01/17 6040 FHAMIP   INS DISBURSED 2/17 179275.61   711.30   185.36-      .00     .00   185.36-    .00
             PAYEE FHA     #      DUE  2/01/17
             S/F      REF#
234  1/13/17  11  PRINCIPAL PAYMENT  2/17 179275.61   896.66    57.60    57.60     .00      .00      .00
             S/F LE  REF#       C
233  1/13/17  02  PAYMENT            2/17 179333.21   896.66  1342.40    351.19  580.23   410.98      .00
                        Int pd to: 1/01/17
             S/F LE  REF#       C
232  1/04/17 6040 FHAMIP   INS DISBURSED 1/17 179684.40   485.68   185.36-      .00     .00   185.36-    .00
             PAYEE FHA     #      DUE  1/01/17
             S/F      REF#
231 12/28/16 60OV OVERAGE     DISBURSED 1/17 179684.40   671.04   190.76-      .00     .00   190.76-    .00
             PAYEE ALBONIG #0005826666 DUE  0/00/00
             S/F SC  REF# 0005826666
230 12/27/16 2543 ESCROW ADJ         1/17 179684.40   861.80   861.80      .00     .00   861.80
             S/F TR  REF#
229 12/27/16 8199 NEW INV AYF/0755094 1/17 179684.40      .00 179684.40- 179684.40-     .00      .00      .00
             S/F TR  REF#
228 12/27/16 3199 OLD INV AT7/0755094 1/17      .00       .00 179684.40  179684.40      .00      .00      .00
             S/F TR  REF#
227 12/27/16 2643 ESCROW ADJ         1/17 179684.40      .00   861.80-      .00     .00   861.80-    .00
             S/F TR  REF#
226 12/16/16  11  PRINCIPAL PAYMENT  1/17 179684.40   861.80    57.60    57.60     .00      .00      .00
             S/F LE  REF#       C
225 12/16/16  02  PAYMENT            1/17 179742.00   861.80  1342.40    349.87  581.55   410.98      .00
                        Int pd to: 12/01/16
             S/F LE  REF#       C
224 11/29/16 6040 FHAMIP   INS DISBURSED 12/16 180091.87   450.82   185.36-      .00     .00   185.36-    .00
             PAYEE FHA     #      DUE 12/01/16
             S/F      REF#
223 11/18/16  11  PRINCIPAL PAYMENT 12/16 180091.87   636.18    20.34    20.34     .00      .00      .00
             S/F LE  REF#       C
222 11/18/16 1401 ZZZZF-Late Charges 12/16 180112.21   636.18    37.26      .00     .00      .00      .00      37.26 01
             S/F D   REF#       C
221 11/18/16 0283 PAYMENT           12/16 180112.21   636.18  1342.40    348.68  582.74   410.98      .00
                        Int pd to: 11/01/16
             S/F LE  REF#       C
220 11/17/16 6031 COUNTY TAX   DISBURSED 11/16 180460.89   225.20  1740.02-      .00     .00  1740.02-    .00
```

```
---TRANSACTION----                        NEXT -AFTER TRANS.BALANCES-    TOTAL  ---------------APPLIED---------------- MISC.PMTS
NBR    DATE    CODE -----DESCRIPTION------ DUE  PRINCIPAL   ESCROW    AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN#   ██████████        CONTINUED

            PAYEE 31FL00G #        DUE 11/30/16
            S/F WR  REF#
219 11/16/16 1499 ZZZZF-Late Charges  11/16 180460.89   1965.22    37.26      .00      .00      .00       .00    37.26 01
    Effective date: 11/17/16
            S/F      REF#
218 11/09/16 1531 COUNTY TAX   DEPOSIT 11/16 180460.89   1965.22  1740.02      .00      .00  1740.02       .00
    S/F AD REF# 0000
217 11/08/16 6031 COUNTY TAX  DISBURSED 11/16 180460.89   225.20  1740.02-     .00      .00  1740.02-      .00
            PAYEE 31FL00G #        DUE 11/30/16
            S/F WR  REF#
216 11/01/16 6040 FHAMIP   INS DISBURSED 11/16 180460.89 1965.22   185.36-     .00      .00   185.36-      .00
            PAYEE FHA    #        DUE 11/01/16
            S/F      REF#
215 10/18/16 11   PRINCIPAL PAYMENT   11/16 180460.89   2150.58    20.34    20.34      .00      .00       .00
            S/F LE  REF#          C
214 10/18/16 1401 ZZZZF-Late Charges  11/16 180481.23   2150.58    37.26      .00      .00      .00       .00    37.26 01
            S/F D   REF#          C
213 10/18/16 0283 PAYMENT             11/16 180481.23   2150.58  1342.40   347.49   583.93   410.98       .00
                        Int pd to: 10/01/16
            S/F LE  REF#          C
212 10/17/16 1499 ZZZZF-Late Charges  10/16 180828.72   1739.60    37.26      .00      .00      .00       .00    37.26 01
            S/F      REF#
211  9/29/16 6040 FHAMIP   INS DISBURSED 10/16 180828.72 1739.60   189.53-     .00      .00   189.53-      .00
            PAYEE FHA    #        DUE 10/01/16
            S/F      REF#
210  9/22/16 11   PRINCIPAL PAYMENT   10/16 180828.72   1929.13   123.94   123.94      .00      .00       .00
            S/F LE  REF#          C
209  9/22/16 1401 ZZZZF-Late Charges  10/16 180952.66   1929.13    32.65      .00      .00      .00       .00    32.65 01
            S/F D   REF#          C
208  9/22/16 1401 ZZZZF-Late Charges  10/16 180952.66   1929.13     6.95      .00      .00      .00       .00     6.95 01
            S/F D   REF#          C
207  9/22/16 1401 ZZZZF-Late Charges  10/16 180952.66   1929.13     9.26      .00      .00      .00       .00     9.26 01
            S/F D   REF#          C
206  9/22/16 2624 FORBEARANCE ADJ     10/16 180952.66   1929.13   115.20-     .00      .00      .00    115.20-24
            S/F LE  REF#          C
205  9/22/16 0283 PAYMENT             10/16 180952.66   1929.13  1342.40   345.98   585.44   410.98       .00
                        Int pd to:  9/01/16
            S/F LE  REF#          C
204  9/16/16 1499 ZZZZF-Late Charges   9/16 181298.64   1518.15    32.65      .00      .00      .00       .00    32.65 01
            S/F      REF#
203  8/31/16 6040 FHAMIP   INS DISBURSED  9/16 181298.64 1518.15   189.53-     .00      .00   189.53-      .00
            PAYEE FHA    #        DUE  9/01/16
            S/F      REF#
202  8/19/16 0283 PAYMENT              9/16 181298.64   1707.68  1342.40   344.86   586.56   410.98       .00
                        Int pd to:  8/01/16
            S/F LE  REF#          C
201  8/19/16 2624 FORBEARANCE ADJ      8/16 181643.50   1296.70   642.40-     .00      .00      .00    642.40-24
            S/F LE  REF#          C
200  8/18/16 6050 HAZARD SFR   DISBURSED  8/16 181643.50 1296.70   950.00-     .00      .00   950.00-      .00
            PAYEE 5001140 #08182016IN DUE  9/07/16
            S/F WR  REF# 08182016INS
```

```
---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-   TOTAL  ---------------APPLIED---------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL    ESCROW  AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN#             CONTINUED

199  8/16/16 1499 ZZZZF-Late Charges   8/16 181643.50    2246.70     6.95      .00      .00      .00      .00     6.95 01
           S/F     REF#
198  8/16/16 1324 PMT-FORBEAR SUSP     8/16 181643.50    2246.70   700.00      .00      .00      .00   700.00 24
           S/F LE  REF#            C
197  7/28/16 6040 FHAMIP   INS DISBURSED 8/16 181643.50  2246.70   189.53-     .00      .00   189.53-    .00
           PAYEE FHA   #       DUE  8/01/16
           S/F     REF#
196  7/20/16 0283 PAYMENT             8/16 181643.50    2436.23  1342.40   343.75   587.67   410.98      .00
                    Int pd to: 7/01/16
           S/F LE  REF#            C
195  7/20/16 2624 FORBEARANCE ADJ     7/16 181987.25    2025.25   642.40-     .00      .00      .00   642.40-24
           S/F LE  REF#            C
194  7/18/16 1499 ZZZZF-Late Charges   7/16 181987.25    2025.25     9.26      .00      .00      .00      .00     9.26 01
           S/F     REF#
193  7/15/16 1324 PMT-FORBEAR SUSP     7/16 181987.25    2025.25   700.00      .00      .00      .00   700.00 24
           S/F LE  REF#            C
192  7/06/16 6040 FHAMIP   INS DISBURSED 7/16 181987.25  2025.25   189.53-     .00      .00   189.53-    .00
           S/F WR  REF#
191  6/27/16 11   PRINCIPAL PAYMENT   7/16 181987.25    2214.78   120.34   120.34      .00      .00      .00
           S/F LE  REF#            C
190  6/27/16 1401 ZZZZF-Late Charges   7/16 182107.59    2214.78    37.26      .00      .00      .00      .00    37.26 01
           S/F D   REF#            C
189  6/27/16 0283 PAYMENT             7/16 182107.59    2214.78  1342.40   342.26   589.16   410.98      .00
                    Int pd to: 6/01/16
           S/F LE  REF#            C
188  6/16/16 1499 ZZZZF-Late Charges   6/16 182449.85    1803.80    37.26      .00      .00      .00      .00    37.26 01
           S/F     REF#
187  6/03/16 6040 FHAMIP   INS DISBURSED 6/16 182449.85  1803.80   189.53-     .00      .00   189.53-    .00
           PAYEE FHA   #       DUE  6/01/16
           S/F     REF#
186  5/16/16 11   PRINCIPAL PAYMENT   6/16 182449.85    1993.33   163.54   163.54      .00      .00      .00
           S/F LE  REF#            C
185  5/16/16 1401 ZZZZF-Late Charges   6/16 182613.39    1993.33     9.26      .00      .00      .00      .00     9.26 01
           S/F D   REF#            C
184  5/16/16 02   PAYMENT             6/16 182613.39    1993.33  1342.40   340.63   590.79   410.98      .00
                    Int pd to: 5/01/16
           S/F LE  REF#            C
183  5/16/16 2624 FORBEARANCE ADJ     5/16 182954.02    1582.35   172.80-     .00      .00      .00   172.80-24
           S/F LE  REF#            C
182  5/16/16 2624 FORBEARANCE ADJ     5/16 182954.02    1582.35   642.40-     .00      .00      .00   642.40-24
           S/F LE  REF#            C
181  5/11/16 1324 PMT-FORBEAR SUSP     5/16 182954.02    1582.35   700.00      .00      .00      .00   700.00 24
           S/F LE  REF#            C
180  4/27/16 6040 FHAMIP   INS DISBURSED 5/16 182954.02  1582.35   189.53-     .00      .00   189.53-    .00
           PAYEE FHA   #       DUE  5/01/16
           S/F     REF#
179  4/18/16 02   PAYMENT             5/16 182954.02    1771.88  1342.40   339.53   591.89   410.98      .00
                    Int pd to: 4/01/16
           S/F LE  REF#            C
178  4/18/16 2624 FORBEARANCE ADJ     4/16 183293.55    1360.90   642.40-     .00      .00      .00   642.40-24
           S/F LE  REF#
```

| ---TRANSACTION---- | | | | NEXT | -AFTER TRANS.BALANCES- | | TOTAL | ---------------APPLIED---------------- | | | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NBR | DATE | CODE | -----DESCRIPTION------ | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD |

LOAN#█████████    CONTINUED

| NBR | DATE | CODE | DESCRIPTION | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 177 | 4/15/16 | 1324 | PMT-FORBEAR SUSP | 4/16 | 183293.55 | 1360.90 | 700.00 | .00 | .00 | .00 | 700.00 24 |
| | | | S/F LE  REF# | | | | | | | | |
| 176 | 3/31/16 | 0283 | PAYMENT | 4/16 | 183293.55 | 1360.90 | 1342.40 | 338.44 | 592.98 | 410.98 | .00 |
| | | | Int pd to:  3/01/16 | | | | | | | | |
| | | | S/F LE  REF# | | | | | | | | |
| 175 | 3/31/16 | 2624 | FORBEARANCE ADJ | 3/16 | 183631.99 | 949.92 | 642.40- | .00 | .00 | .00 | 642.40-24 |
| | | | S/F LE  REF# | | | | | | | | |
| 174 | 3/25/16 | 6040 | FHAMIP   INS DISBURSED | 3/16 | 183631.99 | 949.92 | 189.53- | .00 | .00 | 189.53- | .00 |
| | | | PAYEE FHA   #        DUE  4/01/16 | | | | | | | | |
| | | | S/F      REF# | | | | | | | | |
| 173 | 3/16/16 | 1499 | ZZZZF-Late Charges | 3/16 | 183631.99 | 1139.45 | 9.26 | .00 | .00 | .00 | 9.26 01 |
| | | | S/F      REF# | | | | | | | | |
| 172 | 3/16/16 | 1324 | PMT-FORBEAR SUSP | 3/16 | 183631.99 | 1139.45 | 700.00 | .00 | .00 | .00 | 700.00 24 |
| | | | S/F LE  REF# | | | | | | | | |
| 171 | 2/25/16 | 6040 | FHAMIP   INS DISBURSED | 3/16 | 183631.99 | 1139.45 | 189.53- | .00 | .00 | 189.53- | .00 |
| | | | PAYEE FHA   #        DUE  3/01/16 | | | | | | | | |
| | | | S/F      REF# | | | | | | | | |
| 170 | 2/16/16 | 11 | PRINCIPAL PAYMENT | 3/16 | 183631.99 | 1328.98 | 57.60 | 57.60 | .00 | .00 | .00 |
| | | | S/F LE  REF# | | | | | | | | |
| 169 | 2/16/16 | 02 | PAYMENT | 3/16 | 183689.59 | 1328.98 | 1342.40 | 337.17 | 594.25 | 410.98 | .00 |
| | | | Int pd to:  2/01/16 | | | | | | | | |
| | | | S/F LE  REF# | | | | | | | | |
| 168 | 2/16/16 | 2624 | FORBEARANCE ADJ | 2/16 | 184026.76 | 918.00 | 700.00- | .00 | .00 | .00 | 700.00-24 |
| | | | S/F LE  REF# | | | | | | | | |
| 167 | 2/11/16 | 1324 | PMT-FORBEAR SUSP | 2/16 | 184026.76 | 918.00 | 700.00 | .00 | .00 | .00 | 700.00 24 |
| | | | S/F LE  REF# | | | | | | | | |
| 166 | 1/21/16 | 6040 | FHAMIP   INS DISBURSED | 2/16 | 184026.76 | 918.00 | 189.53- | .00 | .00 | 189.53- | .00 |
| | | | PAYEE FHA   #        DUE  2/01/16 | | | | | | | | |
| | | | S/F      REF# | | | | | | | | |
| 165 | 1/15/16 | 11 | PRINCIPAL PAYMENT | 2/16 | 184026.76 | 1107.53 | 40.23 | 40.23 | .00 | .00 | .00 |
| | | | S/F LE  REF# | | | | | | | | |
| 164 | 1/15/16 | 02 | PAYMENT | 2/16 | 184066.99 | 1107.53 | 1359.77 | 335.95 | 595.47 | 428.35 | .00 |
| | | | Int pd to:  1/01/16 | | | | | | | | |
| | | | S/F LE  REF# | | | | | | | | |
| 163 | 1/15/16 | 2624 | FORBEARANCE ADJ | 1/16 | 184402.94 | 679.18 | 700.00- | .00 | .00 | .00 | 700.00-24 |
| | | | S/F LE  REF# | | | | | | | | |
| 162 | 1/11/16 | 1324 | PMT-FORBEAR SUSP | 1/16 | 184402.94 | 679.18 | 700.00 | .00 | .00 | .00 | 700.00 24 |
| | | | S/F LE  REF# | | | | | | | | |
| 161 | 12/29/15 | 6040 | FHAMIP   INS DISBURSED | 1/16 | 184402.94 | 679.18 | 189.53- | .00 | .00 | 189.53- | .00 |
| | | | PAYEE FHA   #        DUE  1/01/16 | | | | | | | | |
| | | | S/F      REF# | | | | | | | | |
| 160 | 12/16/15 | 11 | PRINCIPAL PAYMENT | 1/16 | 184402.94 | 868.71 | 40.23 | 40.23 | .00 | .00 | .00 |
| | | | S/F LE  REF# | | | | | | | | |
| 159 | 12/16/15 | 02 | PAYMENT | 1/16 | 184443.17 | 868.71 | 1359.77 | 334.74 | 596.68 | 428.35 | .00 |
| | | | Int pd to:  12/01/15 | | | | | | | | |
| | | | S/F LE  REF# | | | | | | | | |
| 158 | 12/16/15 | 2624 | FORBEARANCE ADJ | 12/15 | 184777.91 | 440.36 | 700.00- | .00 | .00 | .00 | 700.00-24 |
| | | | S/F LE  REF# | | | | | | | | |
| 157 | 12/11/15 | 1324 | PMT-FORBEAR SUSP | 12/15 | 184777.91 | 440.36 | 700.00 | .00 | .00 | .00 | 700.00 24 |
| | | | S/F LE  REF# | | | | | | | | |
| 156 | 11/23/15 | 6040 | FHAMIP   INS DISBURSED | 12/15 | 184777.91 | 440.36 | 189.53- | .00 | .00 | 189.53- | .00 |

```
 ---TRANSACTION----                  NEXT -AFTER TRANS.BALANCES-   TOTAL  ---------------APPLIED---------------- MISC.PMTS
 NBR   DATE   CODE -----DESCRIPTION------  DUE  PRINCIPAL   ESCROW  AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN#  ████████        CONTINUED

           PAYEE FHA     #        DUE 12/01/15
           S/F    REF#
 155 11/16/15 11   PRINCIPAL PAYMENT   12/15 184777.91   629.89   40.23     40.23     .00     .00    .00
           S/F LE  REF#
 154 11/16/15 02   PAYMENT            12/15 184818.14   629.89  1359.77    333.53  597.89  428.35    .00
                           Int pd to: 11/01/15
           S/F LE  REF#
 153 11/16/15 2624 FORBEARANCE ADJ     11/15 185151.67   201.54   700.00-    .00     .00     .00  700.00-24
           S/F LE  REF#
 152 11/12/15 6031 COUNTY TAX  DISBURSED 11/15 185151.67  201.54  1778.45-   .00     .00 1778.45-    .00
           PAYEE 31FL00G #10578 TAR  DUE 11/30/15
           S/F WR  REF# 10578 TAR 1720 FL
 151 11/10/15 1324 PMT-FORBEAR SUSP    11/15 185151.67  1979.99   700.00     .00     .00     .00  700.00 24
           S/F LE  REF#
 150 10/29/15 6040 FHAMIP   INS DISBURSED 11/15 185151.67 1979.99  189.53-   .00     .00  189.53-    .00
           PAYEE FHA     #        DUE 11/01/15
           S/F    REF#
 149 10/16/15 11   PRINCIPAL PAYMENT   11/15 185151.67  2169.52   17.40     17.40     .00     .00    .00
           S/F LE  REF#
 148 10/16/15 1326 PMT-CORPORATE ADVANCE 11/15 185169.07 2169.52   53.80     .00     .00     .00   53.80 26
           S/F LE  REF#
 147 10/16/15 1401 ZZZZF-Late Charges  11/15 185169.07  2169.52    9.26     .00     .00     .00     .00      9.26 01
           S/F D   REF#
 146 10/16/15 02   PAYMENT            11/15 185169.07  2169.52  1359.77    332.40  599.02  428.35    .00
                           Int pd to: 10/01/15
           S/F LE  REF#
 145 10/16/15 2624 FORBEARANCE ADJ     10/15 185501.47  1741.17   740.23-    .00     .00     .00  740.23-24
           S/F LE  REF#
 144 10/09/15 1324 PMT-FORBEAR SUSP    10/15 185501.47  1741.17   700.00     .00     .00     .00  700.00 24
           S/F LE  REF#
 143 10/01/15 6040 FHAMIP   INS DISBURSED 10/15 185501.47 1741.17  193.54-   .00     .00  193.54-    .00
           PAYEE FHA     #        DUE 10/01/15
           S/F    REF#
 142  9/22/15 0283 PAYMENT            10/15 185501.47  1934.71  1359.77    331.33  600.09  428.35    .00
                           Int pd to:  9/01/15
           S/F LE  REF#
 141  9/22/15 2624 FORBEARANCE ADJ      9/15 185832.80  1506.36   659.77-    .00     .00     .00  659.77-24
           S/F LE  REF#
 140  9/16/15 1499 ZZZZF-Late Charges   9/15 185832.80  1506.36    9.26     .00     .00     .00     .00      9.26 01
           S/F    REF#
 139  9/11/15 1324 PMT-FORBEAR SUSP     9/15 185832.80  1506.36   700.00     .00     .00     .00  700.00 24
           S/F LE  REF#
 138  8/28/15 6040 FHAMIP   INS DISBURSED 9/15 185832.80 1506.36  193.54-   .00     .00  193.54-    .00
           PAYEE FHA     #        DUE  9/01/15
           S/F    REF#
 137  8/18/15 6050 HAZARD SFR  DISBURSED  9/15 185832.80 1699.90  879.00-   .00     .00  879.00-    .00
           PAYEE 5001140 #08182015IN DUE  9/07/15
           S/F WR  REF# 08182015INS
 136  8/14/15 1326 PMT-CORPORATE ADVANCE  9/15 185832.80 2578.90   71.20     .00     .00     .00   71.20 26
           S/F LE  REF#
 135  8/14/15 1401 ZZZZF-Late Charges   9/15 185832.80  2578.90    9.26     .00     .00     .00     .00      9.26 01
```

```
---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-   TOTAL   ----------------APPLIED---------------- MISC.PMTS
NBR  DATE   CODE -----DESCRIPTION------  DUE  PRINCIPAL   ESCROW  AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN#  ██████████      CONTINUED

           S/F D   REF#
134  8/14/15 02   PAYMENT             9/15  185832.80   2578.90  1359.77    330.27   601.15  428.35      .00
                           Int pd to:  8/01/15
           S/F LE  REF#
133  8/14/15 2624 FORBEARANCE ADJ     8/15  186163.07   2150.55   740.23-     .00      .00     .00   740.23-24
           S/F LE  REF#
132  8/11/15 1324 PMT-FORBEAR SUSP    8/15  186163.07   2150.55   700.00      .00      .00     .00   700.00 24
           S/F LE  REF#
131  8/06/15 6040 FHAMIP   INS DISBURSED 8/15 186163.07 2150.55   193.54-     .00      .00  193.54-     .00
           PAYEE FHA     #       DUE  8/01/15
           S/F     REF#
130  7/27/15 6226 CORP ADV DISB       8/15  186163.07   2344.09    75.00-     .00      .00     .00    75.00-26
           PAYEE 63SSFSL #0001413330 DUE  7/24/15
           S/F SC  REF# 0001413330
129  7/27/15 6226 CORP ADV DISB       8/15  186163.07   2344.09    25.00-     .00      .00     .00    25.00-26
           PAYEE 63SSFSL #0001413330 DUE  7/24/15
           S/F SC  REF# 0001413330
128  7/27/15 6226 CORP ADV DISB       8/15  186163.07   2344.09    25.00-     .00      .00     .00    25.00-26
           PAYEE 63SSFSL #0001413330 DUE  7/24/15
           S/F SC  REF# 0001413330
127  7/27/15 0283 PAYMENT             8/15  186163.07   2344.09  1359.77    329.21   602.21  428.35      .00
                           Int pd to:  7/01/15
           S/F LE  REF#
126  7/27/15 2624 FORBEARANCE ADJ     7/15  186492.28   1915.74   659.77-     .00      .00     .00   659.77-24
           S/F     REF#
125  7/16/15 1499 ZZZZF-Late Charges  7/15  186492.28   1915.74     9.26      .00      .00     .00      .00      9.26 01
           S/F     REF#
124  7/10/15 1324 PMT-FORBEAR SUSP    7/15  186492.28   1915.74   700.00      .00      .00     .00   700.00 24
           S/F LE  REF#
123  7/01/15 6040 FHAMIP   INS DISBURSED 7/15 186492.28 1915.74   193.54-     .00      .00  193.54-     .00
           PAYEE FHA     #       DUE  7/01/15
           S/F     REF#
122  6/16/15 11   PRINCIPAL PAYMENT   7/15  186492.28   2109.28    40.23    40.23      .00     .00      .00
           S/F LE  REF#
121  6/16/15 02   PAYMENT             7/15  186532.51   2109.28  1359.77    328.02   603.40  428.35      .00
                           Int pd to:  6/01/15
           S/F LE  REF#
120  6/16/15 2624 FORBEARANCE ADJ     6/15  186860.53   1680.93   700.00-     .00      .00     .00   700.00-24
           S/F LE  REF#
119  6/11/15 1324 PMT-FORBEAR SUSP    6/15  186860.53   1680.93   700.00      .00      .00     .00   700.00 24
           S/F LE  REF#
118  6/08/15 6040 FHAMIP   INS DISBURSED 6/15 186860.53 1680.93   193.54-     .00      .00  193.54-     .00
           PAYEE FHA     #       DUE  6/01/15
           S/F     REF#
117  5/15/15 11   PRINCIPAL PAYMENT   6/15  186860.53   1874.47    40.23    40.23      .00     .00      .00
           S/F LE  REF#
116  5/15/15 02   PAYMENT             6/15  186900.76   1874.47  1359.77    326.83   604.59  428.35      .00
                           Int pd to:  5/01/15
           S/F LE  REF#
115  5/15/15 2624 FORBEARANCE ADJ     5/15  187227.59   1446.12   700.00-     .00      .00     .00   700.00-24
           S/F LE  REF#
```

```
 ---TRANSACTION----                      NEXT -AFTER TRANS.BALANCES-   TOTAL   ---------------APPLIED----------------  MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL    ESCROW    AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN#                        CONTINUED

114  5/11/15 1324 PMT-FORBEAR SUSP        5/15 187227.59   1446.12    700.00        .00      .00      .00   700.00 24
             S/F LE  REF#
113  5/06/15 6040 FHAMIP   INS DISBURSED  5/15 187227.59   1446.12    193.54-       .00      .00   193.54-     .00
             PAYEE FHA     #        DUE  5/01/15
             S/F     REF#
112  4/10/15 11   PRINCIPAL PAYMENT       5/15 187227.59   1639.66      8.20       8.20      .00      .00      .00
             S/F LE  REF#
111  4/10/15 1326 PMT-CORPORATE ADVANCE   5/15 187235.79   1639.66     32.03        .00      .00      .00    32.03 26
             S/F LE  REF#
110  4/10/15 02   PAYMENT                 5/15 187235.79   1639.66   1359.77     325.75   605.67   428.35     .00
                            Int pd to:  4/01/15

             S/F LE  REF#
109  4/02/15 6040 FHAMIP   INS DISBURSED  4/15 187561.54   1211.31    193.54-       .00      .00   193.54-     .00
             PAYEE FHA     #        DUE  4/01/15
             S/F     REF#
108  3/12/15 1326 PMT-CORPORATE ADVANCE   4/15 187561.54   1404.85     20.23        .00      .00      .00    20.23 26
             S/F LE  REF#
107  3/12/15 02   PAYMENT                 4/15 187561.54   1404.85   1359.77     324.70   606.72   428.35     .00
                            Int pd to:  3/01/15
             S/F LE  REF#
106  3/11/15 6226 CORP ADV DISB           3/15 187886.24    976.50     15.00-       .00      .00      .00    15.00-26
             PAYEE 63SSFSL #0001381172 DUE  3/10/15
             S/F SC  REF# 0001381172
105  3/05/15 6040 FHAMIP   INS DISBURSED  3/15 187886.24    976.50    193.54-       .00      .00   193.54-     .00
             PAYEE FHA     #        DUE  3/01/15
             S/F     REF#
104  2/23/15 1408 ZZZZF-E PAY FEE         3/15 187886.24   1170.04      9.95        .00      .00      .00      .00      9.95 08
     Effective date:  2/22/15
             S/F C   REF#
103  2/23/15 1499 ZZZZF-E PAY FEE         3/15 187886.24   1170.04      9.95        .00      .00      .00      .00      9.95 08
     Effective date:  2/22/15
             S/F     REF#
102  2/23/15 1326 PMT-CORPORATE ADVANCE   3/15 187886.24   1170.04     52.74        .00      .00      .00    52.74 26
     Effective date:  2/22/15
             S/F WB  REF#
101  2/23/15 1401 ZZZZF-Late Charges      3/15 187886.24   1170.04     37.26        .00      .00      .00      .00     37.26 01
     Effective date:  2/22/15
             S/F D   REF#
100  2/23/15 1401 ZZZZF-Late Charges      3/15 187886.24   1170.04     37.26        .00      .00      .00      .00     37.26 01
     Effective date:  2/22/15
             S/F D   REF#
 99  2/23/15 1401 ZZZZF-Late Charges      3/15 187886.24   1170.04     37.26        .00      .00      .00      .00     37.26 01
     Effective date:  2/22/15
             S/F D   REF#
 98  2/23/15 1401 ZZZZF-Late Charges      3/15 187886.24   1170.04     37.26        .00      .00      .00      .00     37.26 01
     Effective date:  2/22/15
             S/F D   REF#
 97  2/23/15 1401 ZZZZF-Late Charges      3/15 187886.24   1170.04     37.26        .00      .00      .00      .00     37.26 01
     Effective date:  2/22/15
             S/F D   REF#
 96  2/23/15 1401 ZZZZF-Late Charges      3/15 187886.24   1170.04     37.26        .00      .00      .00      .00     37.26 01
```

| ---TRANSACTION---- | | | NEXT | -AFTER TRANS. | BALANCES- | TOTAL | --------------APPLIED--------------- | | | MISC.PMTS |
| NBR | DATE | CODE | -----DESCRIPTION------ | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | |

LOAN# ███████          CONTINUED

    Effective date:  2/22/15
              S/F D   REF#
 95  2/23/15 1401 ZZZZF-Late Charges    3/15 187886.24  1170.04     37.26       .00       .00       .00       .00    37.26 01
    Effective date:  2/22/15
              S/F D   REF#
 94  2/23/15 1401 ZZZZF-Late Charges    3/15 187886.24  1170.04     36.84       .00       .00       .00       .00    36.84 01
    Effective date:  2/22/15
              S/F D   REF#
 93  2/23/15 1401 ZZZZF-Late Charges    3/15 187886.24  1170.04     37.26       .00       .00       .00       .00    37.26 01
    Effective date:  2/22/15
              S/F D   REF#
 92  2/23/15 1401 ZZZZF-Late Charges    3/15 187886.24  1170.04     36.84       .00       .00       .00       .00    36.84 01
    Effective date:  2/22/15
              S/F D   REF#
 91  2/23/15 1401 ZZZZF-Late Charges    3/15 187886.24  1170.04     37.26       .00       .00       .00       .00    37.26 01
    Effective date:  2/22/15
              S/F D   REF#
 90  2/23/15 1401 ZZZZF-Late Charges    3/15 187886.24  1170.04     37.26       .00       .00       .00       .00    37.26 01
    Effective date:  2/22/15
              S/F D   REF#
 89  2/23/15 0283 PAYMENT               3/15 187886.24  1170.04   1359.77    323.66    607.76    428.35       .00
    Effective date:  2/22/15  Int pd to:  2/01/15
              S/F WB  REF#
 88  2/23/15 0283 PAYMENT               2/15 188209.90   741.69   1396.49    322.62    608.80    465.07       .00
    Effective date:  2/22/15  Int pd to:  1/01/15
              S/F WB  REF#
 87  2/17/15 1499 ZZZZF-Late Charges    1/15 188532.52   276.62     37.26       .00       .00       .00       .00    37.26 01
              S/F     REF#
 86  2/02/15 6040 FHAMIP   INS DISBURSED 1/15 188532.52   276.62    193.54-      .00       .00    193.54-      .00
              PAYEE FHA     #      DUE  2/01/15
              S/F     REF#
 85  1/16/15 1499 ZZZZF-Late Charges    1/15 188532.52   470.16     37.26       .00       .00       .00       .00    37.26 01
              S/F     REF#
 84 12/22/14 6040 FHAMIP   INS DISBURSED 1/15 188532.52   470.16    193.54-      .00       .00    193.54-      .00
              PAYEE FHA     #      DUE  1/01/15
              S/F     REF#
 83 12/17/14 60OV OVERAGE     DISBURSED 1/15 188532.52   663.70    536.76-      .00       .00    536.76-      .00
              PAYEE ALBONIG #0003300257 DUE  0/00/00
              S/F SC  REF# 0003300257
 82 12/16/14 6226 CORP ADV DISB         1/15 188532.52  1200.46     15.00-      .00       .00       .00    15.00-26
              PAYEE 63SSFSL #0001360261 DUE 12/15/14
              S/F SC  REF# 0001360261
 81 12/03/14 1408 ZZZZF-E PAY FEE       1/15 188532.52  1200.46     19.00       .00       .00       .00       .00    19.00 08
              S/F C   REF#
 80 12/03/14 1499 ZZZZF-E PAY FEE       1/15 188532.52  1200.46     19.00       .00       .00       .00       .00    19.00 08
              S/F     REF#
 79 12/03/14 02   PAYMENT               1/15 188532.52  1200.46   1396.49    321.58    609.84    465.07       .00
                            Int pd to: 12/01/14
              S/F SP  REF#
 78 12/03/14 0283 PAYMENT              12/14 188854.10   735.39   1396.49    320.54    610.88    465.07       .00
                            Int pd to: 11/01/14

```
---TRANSACTION----          NEXT -AFTER TRANS.BALANCES-   TOTAL  ----------------APPLIED---------------- MISC.PMTS
NBR  DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL    ESCROW  AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN#  ██████████         CONTINUED

             S/F SP  REF#
77 12/02/14 1408 ZZZZF-E PAY FEE     11/14  189174.64   270.32    19.00      .00     .00       .00       .00    19.00 08
             S/F C   REF#
76 12/02/14 1499 ZZZZF-E PAY FEE     11/14  189174.64   270.32    19.00      .00     .00       .00       .00    19.00 08
             S/F    REF#
75 12/02/14 1919 RECOVER ESCROW ADVANCE 11/14 189174.64 270.32  659.82-      .00     .00    659.82-      .00
             S/F SP  REF#
74 12/02/14 0283 PAYMENT             11/14  189174.64   930.14  1396.49   319.51  611.91    465.07       .00
                         Int pd to: 10/01/14
             S/F SP  REF#
73 12/02/14 0283 PAYMENT             10/14  189494.15   465.07  1396.49   318.48  612.94    465.07       .00
                         Int pd to:  9/01/14
             S/F SP  REF#
72 11/26/14 6040 FHAMIP   INS DISBURSED 9/14 189812.63     .00  193.54-      .00     .00    193.54-      .00
             PAYEE FHA   #       DUE 12/01/14
             S/F    REF#
71 11/26/14 1940 FHAMIP   INS ADVANCE  9/14 189812.63   193.54  193.54      .00     .00    193.54       .00
             S/F    REF#
70 11/17/14 1499 ZZZZF-Late Charges    9/14 189812.63     .00    37.26      .00     .00       .00       .00    37.26 01
             S/F    REF#
69 11/13/14 6031 COUNTY TAX  DISBURSED 9/14 189812.63     .00  1946.72-     .00     .00   1946.72-      .00
             PAYEE 31FL00G #TAR 0043 F DUE 11/30/14
             S/F WR  REF# TAR 0043 FL
68 11/13/14 1931 COUNTY TAX  ADVANCE   9/14 189812.63  1946.72  466.28      .00     .00    466.28       .00
             S/F WR  REF# TAR 0043 FL
67 11/06/14 6040 FHAMIP   INS DISBURSED 9/14 189812.63 1480.44  193.54-     .00     .00    193.54-      .00
             PAYEE FHA   #       DUE 11/01/14
             S/F    REF#
66 11/04/14 6226 CORP ADV DISB         9/14 189812.63  1673.98   15.00-     .00     .00       .00    15.00-26
             PAYEE 63SSFSL #     DUE 11/04/14
             S/F WR  REF#
65 10/30/14 0283 PAYMENT               9/14 189812.63  1673.98 1396.49   317.46  613.96    465.07       .00
                         Int pd to:  8/01/14
             S/F SP  REF#
64 10/16/14 1499 ZZZZF-Late Charges    8/14 190130.09  1208.91   37.26      .00     .00       .00       .00    37.26 01
             S/F    REF#
63 10/15/14 6226 CORP ADV DISB         8/14 190130.09  1208.91   15.00-     .00     .00       .00    15.00-26
             PAYEE 63SSFSL #     DUE 10/14/14
             S/F WR  REF#
62 10/01/14 6040 FHAMIP   INS DISBURSED 8/14 190130.09 1208.91  197.40-     .00     .00    197.40-      .00
             PAYEE FHA   #       DUE 10/01/14
             S/F    REF#
61  9/16/14 1499 ZZZZF-Late Charges    8/14 190130.09  1406.31   37.26      .00     .00       .00       .00    37.26 01
             S/F    REF#
60  8/28/14 6040 FHAMIP   INS DISBURSED 8/14 190130.09 1406.31  197.40-     .00     .00    197.40-      .00
             PAYEE FHA   #       DUE  9/01/14
             S/F    REF#
59  8/26/14 6050 HAZARD SFR  DISBURSED 8/14 190130.09  1603.71  871.00-     .00     .00    871.00-      .00
             PAYEE 5001140 #08262014IN DUE  9/07/14
             S/F WR  REF# 08262014INS
58  8/18/14 1499 ZZZZF-Late Charges    8/14 190130.09  2474.71   37.26      .00     .00       .00       .00    37.26 01
```

```
---TRANSACTION----                    NEXT -AFTER TRANS.BALANCES-    TOTAL   ----------------APPLIED---------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL    ESCROW   AMOUNT   PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

███████  █████████      CONTINUED

              S/F    REF#
57  8/04/14 0283 PAYMENT              8/14  190130.09   2474.71   1396.49    316.44  614.98   465.07      .00
   Effective date:  8/02/14  Int pd to:  7/01/14
              S/F SP  REF#
56  7/25/14 6040 FHAMIP   INS DISBURSED  7/14  190446.53   2009.64   197.40-      .00     .00   197.40-      .00
            PAYEE FHA     #        DUE  8/01/14
              S/F    REF#
55  7/16/14 1499 ZZZZF-Late Charges   7/14  190446.53   2207.04    37.26      .00     .00      .00      .00     37.26 01
              S/F    REF#
54  7/03/14 6224 FORBEARANCE SUSP DISP  7/14  190446.53   2207.04    10.53-      .00     .00      .00    10.53-24
            PAYEE ALBONIG #0002817543 DUE  7/02/14
              S/F SC  REF# 0002817543
53  7/01/14 0283 PAYMENT              7/14  190446.53   2207.04   1396.49    315.42  616.00   465.07      .00
                          Int pd to:  6/01/14
              S/F SP  REF#
52  6/27/14 6040 FHAMIP   INS DISBURSED  6/14  190761.95   1741.97   197.40-      .00     .00   197.40-      .00
            PAYEE FHA     #        DUE  7/01/14
              S/F    REF#
51  6/16/14 1499 ZZZZF-Late Charges   6/14  190761.95   1939.37    36.84      .00     .00      .00      .00     36.84 01
              S/F    REF#
50  5/29/14 0283 PAYMENT              6/14  190761.95   1939.37   1396.49    314.40  617.02   465.07      .00
                          Int pd to:  5/01/14
              S/F SP  REF#
49  5/29/14 0283 PAYMENT              5/14  191076.35   1474.30   1396.49    313.39  618.03   465.07      .00
                          Int pd to:  4/01/14
              S/F SP  REF#
48  5/28/14 6040 FHAMIP   INS DISBURSED  4/14  191389.74   1009.23   197.40-      .00     .00   197.40-      .00
            PAYEE FHA     #        DUE  6/01/14
              S/F    REF#
47  5/27/14 6226 CORP ADV DISB        4/14  191389.74   1206.63    15.00-      .00     .00      .00    15.00-26
            PAYEE 63SSFSL #        DUE  5/23/14
              S/F WR  REF#
46  5/16/14 1499 ZZZZF-Late Charges   4/14  191389.74   1206.63    37.26      .00     .00      .00      .00     37.26 01
              S/F    REF#
45  4/30/14 6226 CORP ADV DISB        4/14  191389.74   1206.63    15.00-      .00     .00      .00    15.00-26
            PAYEE 63SSFSL #        DUE  4/30/14
              S/F WR  REF#
44  4/29/14 6040 FHAMIP   INS DISBURSED  4/14  191389.74   1206.63   197.40-      .00     .00   197.40-      .00
            PAYEE FHA     #        DUE  5/01/14
              S/F    REF#
43  4/24/14 6226 CORP ADV DISB        4/14  191389.74   1404.03    15.00-      .00     .00      .00    15.00-26
            PAYEE 63SSFSL #        DUE  4/23/14
              S/F WR  REF#
42  4/16/14 1499 ZZZZF-Late Charges   4/14  191389.74   1404.03    36.84      .00     .00      .00      .00     36.84 01
              S/F    REF#
41  4/16/14 0283 PAYMENT              4/14  191389.74   1404.03   1396.49    312.38  619.04   465.07      .00
                          Int pd to:  3/01/14
              S/F LE  REF#
40  4/16/14 2624 FORBEARANCE ADJ      3/14  191702.12    938.96   496.49-      .00     .00      .00   496.49-24
              S/F LE  REF#
39  4/01/14 1324 PMT-FORBEAR SUSP     3/14  191702.12    938.96   300.00      .00     .00      .00   300.00 24
```

```
---TRANSACTION----                     NEXT -AFTER TRANS.BALANCES-   TOTAL  ----------------APPLIED----------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE  PRINCIPAL   ESCROW   AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

███████  ████████     CONTINUED

          S/F LE  REF#
38  3/28/14 6040 FHAMIP    INS DISBURSED 3/14 191702.12   938.96  197.40-      .00      .00  197.40-     .00
          PAYEE FHA    #        DUE  4/01/14
          S/F    REF#
37  3/21/14 0283 PAYMENT                 3/14 191702.12  1136.36 1396.49   311.38   620.04  465.07      .00
                        Int pd to: 2/01/14
          S/F LE  REF#
36  3/21/14 2624 FORBEARANCE ADJ         2/14 192013.50   671.29  396.49-      .00      .00      .00  396.49-24
          S/F LE  REF#
35  3/17/14 1499 ZZZZF-Late Charges      2/14 192013.50   671.29   37.26       .00      .00      .00      .00    37.26 01
          S/F    REF#
34  3/11/14 1324 PMT-FORBEAR SUSP        2/14 192013.50   671.29  600.00       .00      .00      .00  600.00 24
          S/F LE  REF#
33  2/27/14 6040 FHAMIP    INS DISBURSED 2/14 192013.50   671.29  197.40-      .00      .00  197.40-     .00
          PAYEE FHA    #        DUE  2/01/14
          S/F    REF#
32  2/19/14 02   PAYMENT                 2/14 192013.50   868.69 1396.49   310.37   621.05  465.07      .00
                        Int pd to: 1/01/14
          S/F    REF#
31  2/19/14 2624 FORBEARANCE ADJ         1/14 192323.87   403.62  346.49-      .00      .00      .00  346.49-24
          S/F LE  REF#
30  2/18/14 1499 ZZZZF-Late Charges      1/14 192323.87   403.62   37.26       .00      .00      .00      .00    37.26 01
          S/F    REF#
29  2/07/14 1324 PMT-FORBEAR SUSP        1/14 192323.87   403.62  350.00       .00      .00      .00  350.00 24
          S/F LE  REF#
28  1/27/14 6040 FHAMIP    INS DISBURSED 1/14 192323.87   403.62  197.40-      .00      .00  197.40-     .00
          PAYEE FHA    #        DUE  1/01/14
          S/F    REF#
27  1/16/14 2664 NON CASH FEE ADJ        1/14 192323.87   601.02   37.26-      .00      .00      .00      .00    37.26-01
          S/F WC  REF#
26  1/16/14 1499 ZZZZF-Late Charges      1/14 192323.87   601.02   37.26       .00      .00      .00      .00    37.26 01
          S/F    REF#
25  1/07/14 6040 FHAMIP    INS DISBURSED 1/14 192323.87   601.02  197.40-      .00      .00  197.40-     .00
          PAYEE FHA    #      DUE 12/01/13
          S/F    REF#
24 12/30/13 6225 MISC SUSP DISB          1/14 192323.87   798.42 1000.00-      .00      .00      .00 1000.00-25
          PAYEE ALBONIG #0002202599 DUE 12/30/13
          S/F SC  REF# 0002202599
23 12/30/13 11   PRINCIPAL PAYMENT       1/14 192323.87   798.42   32.20    32.20      .00      .00      .00
          S/F AD  REF#
22 12/30/13 1325 PMT-MISC SUSP           1/14 192356.07   798.42 1000.00       .00      .00      .00 1000.00 25
          S/F AD  REF#
21 12/30/13 9311 REV Other      122613   1/14 192356.07   798.42 1032.20- 1032.20-     .00      .00      .00
    Effective date: 12/26/13
          S/F LB  REF#
20 12/26/13 11   PRINCIPAL PAYMENT       1/14 191323.87   798.42 1032.20  1032.20      .00      .00      .00
          S/F LB  REF#
19 12/26/13 1401 ZZZZF-Late Charges      1/14 192356.07   798.42   51.31       .00      .00      .00      .00    51.31 01
          S/F D   REF#
18 12/26/13 2624 FORBEARANCE ADJ         1/14 192356.07   798.42   83.51-      .00      .00      .00   83.51-24
          S/F LB  REF#
```

```
SR497CR-02                                                                    10/29/18 10:12:27
JBAM1036                         DETAIL TRANSACTION HISTORY                    JOB DT:  10/29/18
                                                                                        PAGE:   17

---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-      TOTAL  ---------------APPLIED----------------- MISC.PMTS
NBR   DATE   CODE  -----DESCRIPTION------ DUE   PRINCIPAL   ESCROW    AMOUNT   PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

██████   ████████        CONTINUED

 17 12/24/13 02     PAYMENT           1/14  192356.07    798.42   1396.49     309.27   622.15   465.07      .00
                             Int pd to: 12/01/13
            S/F LE   REF#
 16 12/24/13 2624 FORBEARANCE ADJ    12/13  192665.34    333.35    396.49-       .00      .00      .00   396.49-24
            S/F LE   REF#
 15 12/16/13 2664 NON CASH FEE ADJ   12/13  192665.34    333.35     18.06-       .00      .00      .00      .00     18.06-01
            S/F WC   REF#
 14 12/16/13 1499 ZZZZF-Late Charges 12/13  192665.34    333.35     18.06        .00      .00      .00      .00     18.06 01
            S/F      REF#
 13 12/11/13 1324 PMT-FORBEAR SUSP   12/13  192665.34    333.35    480.00        .00      .00      .00   480.00 24
   Effective date: 12/10/13
            S/F LB   REF#
 12 12/05/13 1499 ZZZZF-Late Charges 12/13  192665.34    333.35     51.31        .00      .00      .00      .00     51.31 01
            S/F      REF#
 11 12/05/13 2543 ESCROW ADJ         12/13  192665.34    333.35    333.35        .00      .00   333.35      .00
            S/F LB   REF#
 10 12/05/13 8103 NEW LOAN NOCASH    12/13  192665.34       .00 192665.34- 192665.34-     .00      .00      .00
            S/F LB   REF#
                  * * * * TOTALS * * * *                          173471.30-30862.16
```

# EXHIBIT "D"

Source: Escambia County Property Appraiser

Navigate Mode  ● Account ○ Reference

[Restore Full Page Version]

**General Information**

| | |
|---|---|
| Reference: | ████████████ |
| Account: | ██████ |
| Owners: | ALBONIGA JUAN CARLOS |
| Mail: | 9759 HARLINGTON ST CANTONMENT, FL 32533 |
| Situs: | 9759 HARLINGTON ST 32533 |
| Use Code: | SINGLE FAMILY RESID |
| Taxing Authority: | COUNTY MSTU |
| Tax Inquiry: | Open Tax Inquiry Window |

Tax Inquiry link courtesy of Scott Lunsford Escambia County Tax Collector

**Assessments**

| Year | Land | Imprv | Total | *Cap Val* |
|---|---|---|---|---|
| 2018 | $28,500 | $165,781 | $194,281 | $183,555 |
| 2017 | $28,500 | $153,011 | $181,511 | $179,780 |
| 2016 | $28,500 | $119,154 | $147,654 | $147,654 |

Disclaimer

## Tax Estimator

## › File for New Homestead Exemption Online

**Sales Data**

| Sale Date | Book | Page | Value | Type | Official Records (New Window) |
|---|---|---|---|---|---|
| 09/14/2012 | 6909 | 1758 | $201,800 | WD | View Instr |
| 07/2006 | 5951 | 1215 | $870,000 | WD | View Instr |

Official Records Inquiry courtesy of Pam Childers Escambia County Clerk of the Circuit Court and Comptroller

**2018 Certified Roll Exemptions**
HOMESTEAD EXEMPTION

**Legal Description**
LT 9 BLK A BRISTOL CREEK PHASE III PB 18 P 38 OR 6909 P 1758

**Extra Features**
None

**Parcel Information**

Launch Interactive Map

**Section Map Id:**
03-1S-31-1

**Approx. Acreage:**
0.2174

**Zoned:**
MDR

**Evacuation & Flood Information**
Open Report



View Florida Department of Environmental Protection(DEP) Data

**Buildings**

Address:9759 HARLINGTON ST, Year Built: 2012, Effective Year: 2012

Structural Elements

**DECOR/MILLWORK**-*AVERAGE*
**DWELLING UNITS**-*1*
**EXTERIOR WALL**-*BRICK-FACE/VENEER*
**FLOOR COVER**-*CARPET*
**FOUNDATION**-*SLAB ON GRADE*
**HEAT/AIR**-*CENTRAL H/AC*
**INTERIOR WALL**-*DRYWALL-PLASTER*
**NO. PLUMBING FIXTURES**-*8*
**NO. STORIES**-*1*
**ROOF COVER**-*DIMEN/ARCH SHNG*
**ROOF FRAMING**-*HIP-HI PITCH*
**STORY HEIGHT**-*0*
**STRUCTURAL FRAME**-*WOOD FRAME*

Areas - 3228 Total SF

**BASE AREA** - *2430*
**GARAGE FIN** - *441*
**OPEN PORCH FIN** - *77*
**PATIO** - *280*



Images



11/1/12

The primary use of the assessment data is for the preparation of the current year tax roll. No responsibility or liability is assumed for inaccuracies or errors.

# EXHIBIT "E"

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:                                                          CASE NO.: 18-30946-KKS
                                                                         CHAPTER 7

**Juan Carlos Alboniga,**

**Debtor.**

_____/

**ORDER GRANTING NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY SERVED ON NEGATIVE**
**NOTICE  (Docket No.     )**

THIS CASE came on consideration without a hearing on Nationstar Mortgage LLC d/b/a

Mr. Cooper's ("Secured Creditor") Motion for Relief from Stay (Docket No. __).  No response

has been filed in accordance with Local Rule 2002-2.  Accordingly, it is:

**ORDERED:**

1.  Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2.  The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured
    Creditor's interest in the following property located at 9759 Harlington Street,
    Cantonment, Florida 32533, in Escambia County, Florida, and legally described as:
    LOT 9, BLOCK A, BRISTOL CREEK PHASE III, BEING A PORTION OF
    SECTION 3, TOWNSHIP 1 SOUTH, RANGE 31 WEST, ESCAMBIA
    COUNTY, FLORIDA, ACCORDING TO PLAT RECORDED IN PLAT
    BOOK 18, PAGE 38, OF THE PUBLIC RECORDS OF SAID COUNTY.

3.  The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured
    Creditor to exercise any and all *in rem* remedies against the property described above.
    Secured Creditor shall not seek an *in personam* judgment against Debtors.

1

4. The Secured Creditor made sufficient allegations and a request in the Motion to waive the 14-day stay requirement of Bankruptcy Rule 4001(a)(3).  No objection being raised, the automatic stay shall be lifted immediately upon execution of this order.

**DONE AND ORDERED on** _____

_____
**KAREN K. SPECIE**
**U.S. Bankruptcy Judge**

Attorney, Shreena Augustin, is directed to serve a copy of this order on interested parties and file a certificate of service within 3 business days of entry of the order.

*Prepared By:*
Attorney for Secured Creditor
Robertson, Anschutz & Schneid, PL
6409 Congress Ave., Suite 100
Boca Raton, FL 33487

Juan Carlos Alboniga
9759 Harlington St.
Cantonment, FL 32533

Martin S. Lewis
Lewis & Jurnovoy, P.A.
1100 North Palafox St.
Pensacola, FL 32501

Sherry Chancellor
Law Office of Sherry F. Chancellor
619 West Chase St.
Pensacola, FL 32502

United States Trustee
110 E. Park Avenue
Suite 128
Tallahassee, FL 32301

3